NOT FOR PUBLICATION                                              **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____         :
                                                  :
STEVEN ZARETSKY, et al.,                           :      Civil Case No. 13-3807
                                                  :       (FSH) (JBC)
                          Plaintiffs,              :
                                                  :      OPINION & ORDER
            v.                                     :
                                                  :      February 20, 2014
GEMOLOGICAL INSTITUTE OF AMERICA,                  :
INC., et al.,                                      :
                                                  :
                          Defendants.              :
_____         :


**HOCHBERG, District Judge:**

This matter comes before the Court upon motions to dismiss for improper venue by

Defendant Gemological Institute of America, Inc., and Defendants Eve Goldberg and the

William Goldberg Diamond Corporation [Docket Nos. 16 & 28]. The Court has decided these

motions based upon the submissions of the parties, without oral argument, pursuant to Fed. R.

Civ. P. 78.


**I.  BACKGROUND**

This case involves a dispute over the ownership of a piece of jewelry, a 7.35 carat Pear

Shaped Diamond. (Compl. ¶ 7).  Plaintiff Steven Zaretsky and his wife Suzanne Zaretsky

(collectively "Plaintiffs"), both New Jersey residents, contend that they own the diamond. On

December 10, 2012, Plaintiffs brought the diamond to K&D Jewelers in New York. (Compl. ¶

7).  With Plaintiffs' approval, K&D sent the diamond to Defendant Gemological Institute's New

York laboratory to obtain an appraisal and certification.  (Compl. ¶ 8).  After receiving the

Diamond, the Gemological Institute allegedly informed Plaintiffs that the diamond Plaintiffs had

submitted for appraisal had been reported stolen and refused to return it to Plaintiffs. (Compl. ¶¶

10-11).

Years before, in March 2003, Defendant Eve Goldberg had reported the theft,

purportedly of the same diamond, from William Goldberg Diamond Corporation's New York

location. (Compl. ¶ 30).  Defendants contend that the diamond that Plaintiffs submitted for

appraisal should not be returned until the Court determines the rightful owner.  Plaintiffs assert

that their diamond is not the same stone that was reported stolen, and that the diamond was

validly purchased in New York City by Ms. Zaretsky's father in December 2003 from Defendant

Louis E. Newman, a New York corporation. (Compl. ¶ 27).  On June 19, 2013, Plaintiffs brought

this action seeking a declaratory judgment finding that Plaintiffs are the owners of the diamond.

They also asserted a number of New Jersey state law claims, including breach of fiduciary duty,

conversion, intentional infliction of emotional distress, and an action for replevin.


## II.  DISCUSSION

### a. Prior Decisions

Plaintiffs request that the Court dismiss Defendant Gemological Institute's motion based

on its purported failure to properly serve the motion upon Plaintiffs.  The Gemological Institute

counters that their motion was properly served but that Plaintiffs failed to timely oppose the

motion, and thus contends that the motion should be deemed unopposed.  The Court has already

decided these issues – finding that Plaintiffs were properly served with Defendant's motion, but

permitting Plaintiffs additional time to file an opposition [Docket No. 27].  The Court declines to revisit this decision.

**b. Venue**

Both the Gemological Institute and William Goldberg move to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, arguing that a forum selection clause bars venue in this district.  The Supreme Court recently held, however, that venue is proper "so long as the requirements of § 1391(b) are met, irrespective of any forum-selection clause . . . ."[1]  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 578 (2013); *see also Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 678 (D.N.J. 1993) (finding that Federal Rule 12(b)(3) motion to dismiss is not the correct vehicle for enforcing a forum selection clause). Thus, to determine whether venue is proper, the Court turns to the venue statute.

Under 28 U.S.C. § 1391, venue is proper in a civil case if a plaintiff brings the case in a district that is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The burden to show improper venue is on the moving party. *Bockman v. First Am. Marketing Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012). In assessing venue, the Plaintiffs' residence is

---

[1] Instead, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through" a motion to transfer under 28 U.S.C. 1404(a). *Atl. Marine*, 134 S. Ct. at 580.

irrelevant. *Al-Ghena Int'l Corp. v. Radwan*, 12-cv-47, 2013 WL 3760929, at *5  (D.N.J. July 16, 2013).

There is no dispute that both venue provisions (2) and (3) are inapplicable to this case, rather the parties dispute whether venue is established under provision (1), under which venue is proper if all defendants reside in New Jersey.

There are four Defendants: the Gemological Institute, the William Goldberg Diamond Corporation, Louis E. Newman, Inc., and Eve Goldberg. The parties dispute whether the first two Defendants are New Jersey residents, (Compl. ¶¶ 3-4), but the Complaint acknowledges that the last two are not: Louis E. Newman is alleged to be a New York corporation, (Compl. ¶ 6); and Eve Goldberg is alleged to be a New York resident, (Compl. ¶ 5).  Plaintiffs respond that this is immaterial because Eve Goldberg was dismissed from this action on November 7, 2013 [Docket No. 44], several weeks after the motion to dismiss was filed. They further assert that all corporate Defendants are subject to personal jurisdiction – and are thus New Jersey residents for the purposes of the venue statute – because they have failed to object to personal jurisdiction.[2]

For venue purposes, a natural person's residency is determined at the time the action is commenced. *Exxon Corp. v. F.T.C.*, 588 F.2d 895, 899 (3d Cir. 1978); *Lipp v. Janson*, 198 F. Supp. 195, 196-97 (E.D. Pa. 1961); *Lawman Armor Corp. v. Winner Int'l, LLC*, 02-cv-4595, 2003 WL 22902808, at *4 (E.D. Pa. Dec. 10, 2003) ("The district in which proper venue lies 'is determined at the time the complaint is filed.'") (quoting *Horihan v. Hartford Ins. Co. of the*

---

[2] Pursuant to section 1391(c), "[f]or all venue purposes . . .  an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  Because the Court grants the motion to transfer, it does not reach the issue of whether a corporate defendant waives its properly preserved objection to venue merely by failing to simultaneously object to personal jurisdiction under Rule 12(b)(2).

*Midwest*, 979 F. Supp. 1073, 1076 (N.D. Tex. 1997)).   Here, Defendant Eve Goldberg, a non-resident of this district, filed a motion to dismiss based on improper venue on October 10, 2013 [Docket No. 28], along with Defendant William Goldberg Diamond Corporation. About one month later, after the venue issue had been raised, Plaintiffs voluntarily dismissed its Complaint against Eve Goldberg [Docket No. 44].  Even though Eve Goldberg was eventually dismissed, "venue is determined at the outset of the litigation and is not affected by a subsequent change in parties." *Exxon,* 588 F.2d at 899 (citing 3B Moore's Federal Practice ¶ 25.05, p. 25–167 (2d ed. 1978)).  Because Eve Goldberg was not a resident of New Jersey at the time of commencement, venue is improper.  Rather than dismiss, in the interest of justice, this case will be transferred to the Southern District of New York under 28 U.S.C. § 1406. A substantial part of the events took place in New York, all Defendant are residents of New York, (Compl. ¶¶ 3-7), and subject to personal jurisdiction there.

**c. Transfer**

Alternatively, the Court grants Defendants' motion to transfer, finding that the factors, as analyzed under 28 U.S.C. § 1404(a), support transferring venue to the Southern District of New York.  Section 1404(a) permits a district court to transfer a civil case to another district where venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citations omitted). A decision to transfer an action under this provision rests within the sound discretion of the District Court. *Stewart Org., Inc. v. Ricoh Corp*. 487 U.S. 22, 29 (1988).

On a motion to transfer pursuant to § 1404(a), the District Court must undertake a "flexible and individualized analysis," balancing the factors set forth in the statute as well as a number of other case specific factors. Courts in the Third Circuit apply the public and private interest factors outlined in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). These private interest factors include: (1) plaintiff's choice of forum; (2) defendant's preferred forum; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that the files could not be produced in one of the fora. *Id*. at 879. The public interest factors include: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in the controversy; (11) the public policies of the fora; and (12) judicial familiarity with the applicable state law in diversity cases. *Id*. at 879–80. A case should only be transferred if "the balance of convenience of the parties is strongly in favor of defendant." *Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

1. Plaintiffs' Choice of Forum and Defendants' Choice of Forum

The Plaintiffs plainly prefer New Jersey, and the Defendants prefer New York. These factors balance out, although the Court recognizes that Plaintiff's choice of forum is entitled to deference unless the other factors strongly favor transfer. *See, e.g., Shutte*, 431 F.2d at 25. *But see Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (plaintiff's choice of forum is

afforded less deference if that choice "has little connection with the operative facts of the lawsuit.").

2. Where the Claim Arose

The parties do not dispute that the facts giving rise to this cause of action occurred, not in New Jersey, but in New York. The diamond was allegedly stolen in early 2003 from Defendant William Goldberg's New York location; sold to Plaintiff's father in December 2003 by Defendant Louis Newman in New York City; brought by Plaintiffs to K&D Jewelers be appraised by Defendant Gemological Institute in New York;  and is currently being held in the Gemological Institute's New York laboratory. Thus, the primary dispute - whether the diamond Defendant William Goldberg claims was stolen is the same diamond Plaintiffs produced to the Gemological Institute – arises entirely in New York. [3]  "As a general rule, the preferred forum is that which is the center of gravity of the accused activity." *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998). That the operative facts giving rise to the action occurred in another district weighs in favor of transfer. *National Mortg. Network, Inc. v. Home Equity Ctrs.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988); *Ricoh Co., Ltd. v. Honeywell Inc.*, 817 F. Supp. 473, 481-82 (D.N.J. 1993) ("When the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference."); *see also National Micrographics Sys. v. Canon U.S.A.*, 825 F. Supp. 671, 681 (D.N.J. 1993).

---

[3] Plaintiffs assert that the locus of operative facts is not New York because all communications with Defendant Gemological Institute after Plaintiffs provided the diamond to K&D Jewelers occurred via email.  The Court disagrees and finds that all actions relevant to Plaintiffs' claims occurred in New York.

3. Convenience of the Parties and the Location of Witnesses and Evidence

Although all relevant documents and witnesses are located in New York, neither party has asserted that any witness would be unavailable in either New York or New Jersey, nor that documents would be unavailable in either fora. *Jumara,* 55 F.3d at 879-80.


4. Practical Considerations that Make Trial Expeditious or Inexpensive

The Court finds that all non-party witnesses with knowledge probative of ownership of the diamond likely reside in New York.  A central issue is whether the diamond the Plaintiffs submitted for appraisal is the same diamond that was reported stolen in 2003.  Defendants identify Ivy Cutler and other Gemological Institute gemologists, as well as employees at K&D Jewelers as possible witnesses.  The Gemological Institute employees that originally examined the diamond before the alleged theft, like the employees that examined the Plaintiffs' diamond in 2012, are in New York.   The relevant evidence, including records relating to the theft, the identification of the diamond, and the diamond itself, is located in New York.  That all probative evidence is located in the transferee district would make discovery and trial in New York expeditious and less expensive.  This factor favors transfer because the interests of efficiency weigh towards litigating this dispute in a location where the non-party witnesses reside and where relevant documents may be produced most easily. *New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 113 (2d Cir. 2010) ("the locus of operative facts as well as the interests of efficiency and fairness favor a New York forum.").

5. Local Interest in the Controversy

Courts have an interest in deciding local controversies, and consequently, when an action "involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." *Coppola v. Ferrellgas, Inc.,* 250 F.R.D. 195, 201 (E.D. Pa. 2008) (quoting *In re Eastern Dist. Repetitive Stress Injury Litig*., 850 F.Supp. 188, 195 (E.D.N.Y. 1994)). Here, New York has a local interest in ensuring that the ownership of property allegedly stolen from a New York business, and submitted for appraisal in New York, be determined by New York courts.  Moreover, "the burden of jury duty is more fairly placed on the [local] residents . . . who maintain an interest in resolving disputes which arise from [causes of action] happening within their borders." *Coppola*, 250 F.R.D. at 201.  The remaining public interest factors do not weigh for or against transfer.  In sum, Plaintiffs' choice of forum weighs against transfer, whereas Defendants' choice of forum, the location of the operative facts giving rise to this dispute, the local interest in litigating local controversies, and the public interest in litigating a dispute in an expeditious manner near the relevant witnesses and evidence weighs in favor of transfer.[4]  Together, the Court finds that these factors weigh strongly in favor of transfer. Consequently, in the interest of justice, this matter will be transferred to the Southern District of New York.

## III.  CONCLUSION & ORDER

**ACCORDINGLY, IT IS,** on this 20th day of February, 2014, hereby

---

[4] Because the Court finds that the transfer factors, as analyzed pursuant to § 1404, support transfer, the Court does not reach Defendants' alternative argument that a forum selection clause signed by a third-party and Defendant Gemological Institute binds Plaintiffs to litigate in New York based on principles of agency.

**ORDERED** that Defendants' motions to transfer based on improper venue and motion to transfer in the interest of justice are **GRANTED**; and it is further

**ORDERED** that this case is **TRANSFERRED** to the Southern District of New York; and it is further

**ORDERED** that this case is **CLOSED**.


**SO ORDERED**


**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**