**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

STEVEN ZARETSKY and SUZANNE
ZARETSKY,

                           Plaintiffs,

              - against -

THE WILLIAM GOLDBERG DIAMOND
CORPORATION, STANLEY & SONS, INC.,
and JOHN DOES (1-5), and ABC
CORPORATIONS (1-5),

                           Defendants.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/14

**MEMORANDUM**
**OPINION AND ORDER**

**14 Civ. 1113 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Steven and Suzanne Zaretsky bring this diversity action to determine

the legal ownership of a 7.35 carat, pear-shaped diamond (the "diamond") that

plaintiffs' jeweler delivered to the Gemological Institute of America, Inc. ("GIA")

for certification and appraisal in December 2012.  Suzanne Zaretsky's parents

purchased the diamond from Stanley & Sons ("S&S") in 2003, and Suzanne's

mother gifted it to Suzanne and her husband, Steven, in August 2012.

GIA is holding the diamond until its ownership can be determined

because it believes the same diamond was reported as stolen from the William Goldberg Diamond Corporation ("WGDC") in 2003.  Plaintiffs assert that they have legal title to the diamond, but, in the alternative, plead claims for breach of warranty of title and misrepresentation against S&S.[1]  S&S moves to dismiss the breach of warranty claim for lack of standing under Federal Rule of Civil Procedure ("Rule") 12(b)(1), and both claims for failure to state a claim under Rule 12(b)(6).  For the following reasons, S&S's motion to dismiss is GRANTED.

## II.   BACKGROUND[2]

On May 29, 2002, GIA certified a 7.44 carat, pear-shaped diamond for

---

[1]     Second Amended Complaint ("SAC") ¶¶ 46-67.  Plaintiffs added S&S as a defendant in the First Amended Complaint on April 23, 2014.  On July 3, 2014, S&S moved to dismiss.  Before the motion was fully briefed, plaintiffs amended their complaint again, adding a misrepresentation claim against S&S.  On July 23, 2014, I granted S&S's requests to 1) deem its previously filed motion to dismiss to serve as the response to the SAC, and 2) submit an enlarged reply brief to address the misrepresentation claim.  *See* Dkt. No. 138.

[2]     Familiarity with the procedural history of this case is presumed and will not be repeated here.  Unless otherwise indicated, the facts are drawn from the SAC.  Well-pleaded factual allegations are presumed true for the purposes of this motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, allegations in the Complaint that consist of conclusory statements or threadbare recitals of causes of action are not entitled to the presumption of truth.  *See Kirkendall v. Halliburton*, 707 F.3d 173, 175 n.1 (2d Cir. 2013); *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 173 (2d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

WGDC (the "WGDC diamond").[3]  On March 19, 2003, WGDC sent GIA a copy of

a police report indicating certain items of jewelry, including a 7.44 carat stone,

were stolen from WGDC in January 2003.[4]

On March 24, 2003, GIA certified a 7.35 carat pear-shaped diamond

for Louis E. Newman, Inc.[5]  Suzanne Zarestky's parents, Frank and Donna Walsh,

purchased that diamond on December 23, 2003 from S&S.[6]  S&S, in turn,

purchased the diamond from Louis E. Newman.[7]

In August 2012, after Frank Walsh's death, Donna Walsh gave the

diamond to plaintiffs as a gift.[8]  On December 10, 2012, Steven Zaretsky brought

the diamond to nonparty K&D Jewelers ("K&D")  in order to have it appraised for

insurance purposes.[9]  Steven Zaretsky authorized K&D to submit the diamond to

---

[3]    *See* 5/29/02 GIA Report for William Goldberg, Exhibit ("Ex.") G to
SAC.

[4]    *See* SAC ¶ 32; 3/3/03 New York City Police Department Complaint
faxed from WGDC to GIA on 3/19/03, Ex. F to SAC.

[5]    *See* 3/24/03 GIA Report for Louis E. Newman, Inc., Ex. E to the
Complaint.

[6]    *See* SAC ¶ 25.

[7]    *See id.* ¶ 26.

[8]    *See id.* ¶¶ 27-29.

[9]    *See id.* ¶ 6.

GIA after K&D recommended obtaining an appraisal and certification from GIA.[10]

On December 20, 2012, GIA informed Steven Zaretsky that it would not release the diamond because a diamond with similar characteristics – that is, the WGDC diamond – had been reported stolen in March 2003.[11] Zaretsky demanded the return of the diamond, but GIA refused based on its disputed ownership.[12] On April 17, 2013, GIA issued a Notice of Competing Claims "identifying the party reporting the [diamond] as stolen as well as outlining terms to which the parties must conform in order for the [diamond] to be returned."[13] The notice names Eve Goldberg as the party reporting the diamond as stolen and representing a claim of ownership on behalf of WDGC.[14]

## III.   DISCUSSION

### A.   Breach of Warranty of Title

Section 2-312 of New York's Uniform Commercial Code ("UCC") establishes a warranty of good title in every contract for sale of goods. S&S argues that plaintiffs lack standing to bring a breach of warranty of title claim because

---

[10]   *See id.* ¶ 7.

[11]   *See id.* ¶ 9.

[12]   *See id.* ¶¶ 11-14.

[13]   *Id.* ¶ 19.

[14]   *See id.* ¶ 20.

they lack "privity of contract or intended third party beneficiary status" with regard to the sale between the Walshes and S&S.[15]  Plaintiffs do not deny that they lack privity, but argue that they are third party beneficiaries to the contract.  Because standing is a jurisdictional issue, it must be resolved before reaching the merits.[16]

"'The doctrine of standing asks whether a litigant is entitled to have a federal court resolve [its] grievance. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise.'"[17]  A plaintiff may show constitutional standing under Article III by alleging an actual "case or controversy."[18]  "The 'prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order

---

[15]     S&S Memorandum of Law in Support of Motion to Dismiss at 9.

[16]     *See Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 n. 6 (2d Cir. 2006) ("[A]lthough standing and subject matter jurisdiction are distinct concepts," lack of standing represents "a limitation of the authority of a federal court to exercise jurisdiction.").

[17]     *Hillside Metro Assoc., LLC v. JP Morgan Chase Bank, Nat. Ass'n*, 747 F.3d 44, 48 (2d Cir. 2014) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 128-29 (2004)).

[18]     *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  To meet this burden, a plaintiff must show (1) personal injury; (2) causation evidencing a connection between the plaintiff's injury and the defendant's alleged conduct; and (3) redressability, or some, non-speculative, likelihood that the plaintiff's injury can be remedied by the relief requested of the court. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008).

to obtain relief from injury to themselves.'"[19]  Courts may "consider third-party

prudential standing even before Article III standing."[20]

New York law requires that plaintiffs alleging that they are third-party

beneficiaries to a contract "establish that the parties to the contract intended to

confer a benefit on the third-party."[21] "It is ancient law in New York . . . that to

succeed on a third party beneficiary theory, a non-party must be the *intended*

beneficiary of the contract, not an *incidental* beneficiary to whom no duty is

owed."[22]  Under New York law, a third-party is an intended beneficiary only if

"'no one other than the third-party can recover if the promisor breaches the

contract' or the contract language should otherwise clearly evidence 'an intent to

permit enforcement by the third-party.'"[23]  "[D]ismissal of a third-party-beneficiary

claim is appropriate . . . where the complaint relies on language in the contract or

---

[19]     *Rajamin v. Deutsche Bank Nat. Trust Co.*, – F.3d – , 2014 WL
2922317, at *7 (2d Cir. Jun. 30, 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 509
(1975)).

[20]     *Hillside Metro*, 747 F.3d at 48.

[21]     *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d
Cir. 2005) (citing *State of Cal. Pub. Employees' Ret. Sys. v. Shearman & Sterling*,
95 N.Y.2d 427, 434-35 (2000)).

[22]     *Hillside Metro*, 747 F.3d at 49 (quotations omitted) (emphasis added).

[23]     *Debary v. Harrah's Operating Co., Inc.*, 465 F. Supp. 2d 250, 263-64
(S.D.N.Y. 2006) (quoting *Artwear, Inc. v. Hughes*, 615 N.Y.S.2d 689, 692 (1994)).

other circumstances that will not support the inference that the parties intended to confer a benefit on the claimant."[24]

Plaintiffs claim that they are third party beneficiaries because "no one other than the third party [plaintiffs in this case] can recover against" S&S, since Donna Walsh's "right to bring an action with respect to the [diamond] was lost upon the gifting of the [diamond] to the plaintiffs."[25]  But this assertion misstates the law.  Unlike privity, third party beneficiary status is determined at the time a contract is entered into.  Nothing in the complaint or sales contract suggests that the parties intended to confer a benefit on Suzanne and Steven Zaretsky when the Walshes purchased the stone in 2003.  Thus, Donna Walsh's subsequent gift of the diamond to Suzanne is irrelevant for determining whether the contract of sale was a third party beneficiary contract.

Even if the Zaretskys had standing, their breach of warranty claim is time-barred.  Under Section 2-725 of New York's UCC,

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued
> . . . . [and]

---

[24]  *Subaru Distribs. Corp.*, 425 F.3d at 124-25 (citing *First Capital Asset Mgmt., Inc. v. N.A. Partners, L.P.*, 688 N.Y.S.2d 25, 27 (1999) and *Artwear, Inc.*, 615 N.Y.S.2d at 693)).

[25]  Plaintiffs' Memorandum of Law in Opposition to S&S's Motion to Dismiss ("Pl. Opp."), at 5.

> (2) [a] cause of action accrues when the breach occurs, regardless
> of the aggrieved party's lack of knowledge of the breach. A
> breach of warranty occurs when tender of delivery is made . . . .

Plaintiffs claim that their cause of action against S&S has not yet accrued and "will only accrue if and when the Court determines plaintiffs' title to the [diamond] is void."[26] This is because, according to plaintiffs, "New York courts regard warranty of title as analogous to the covenant of quiet enjoyment in the sale of land," and in those cases, "no cause of action accrues until the buyer is disturbed in his possession."[27]

This argument is meritless. "Section 2-312 does not impose an implied covenant of quiet enjoyment or perpetual warranty on sales contracts."[28] Official Comment 2 to Section 2-312 specifically notes that an action for breach of warranty of title is controlled by Section 2-725 and accrues "when tender of delivery is made." Tender was made on December 23, 2003. As a result, the statute of limitations expired on December 23, 2007, over six years before plaintiffs sued S&S.

---

[26]    *Id.* at 9.

[27]    *Id.* at 10.

[28]    *Doss, Inc. v. Christies, Inc.*, No. 08 Civ. 10577, 2009 WL 3053713, at *3 (S.D.N.Y. Sept. 23, 2009).

## B.    Misrepresentation

Plaintiffs also bring a tort claim of misrepresentation against S&S, claiming that S&S "misrepresented the state of their title to [the diamond]."[29] It is unclear whether plaintiffs claim sounds in intentional fraud or negligent misrepresentation.  Regardless, plaintiffs now admit that "[a]t the time of filing of the [SAC], discovery in the possession of plaintiffs did not reveal sufficient facts to assert a tort cause of action" against S&S, but seek to "reserve the right to assert [the] same [claim], should discovery reveal[] facts which would support a cause of action sounding in tort."[30]  Thus, the misrepresentation claim as pled in the SAC clearly fails.

Plaintiffs' purported reservation of its right to bring a negligent misrepresentation claim against S&S in the future is futile because any such claim is duplicative of the time-barred breach of warranty claim.[31]  "[A] simple breach of contract claim is not to be considered a tort unless a legal duty independent of the contract itself has been violated.  This legal duty must spring from circumstances

---

[29]    SAC ¶ 67.

[30]    Pl. Opp. at 6, n.5.

[31]    *See Torok v. Moore's Flatwork & Foundations, LLC*, 966 N.Y.S. 572, 574 (3d Dep't 2013) (holding that misrepresentation claims are duplicative when "based upon the same alleged wrongful conduct as the breach of contract claim").

extraneous to, and not constituting elements of, the contract."[32]  However, if

plaintiffs learn of facts to support an independent cause of action for fraud against

S&S, that claim could theoretically be timely.[33]

Plaintiffs claim that S&S is a "required" party under Rule 19(a)(1)(A)

because "the Court would not be able to afford complete relief among the existing

parties" if plaintiffs' title in the diamond is determined to be void.[34]  If plaintiffs

discover facts to support a valid fraud claim against S&S, they may seek leave to

amend again, or file a new lawsuit.  But Rule 19 does not require joinder of parties

---

[32]     *Clark-Fitzpatrick, Inc. v. Long Island R. Co*, 70 N.Y. 2d 382, 389
(1987).  Further, to the extent plaintiffs' claim sounds in negligence, because
plaintiffs seek only monetary damages against S&S, such recovery is barred under
New York's economic loss rule. *See King County, Wash. v. IKB Deutsche
Industriebank AG*, 863 F. Supp. 2d 288, 302 (S.D.N.Y. 2012) ("Under New York's
'economic loss' rule, a plaintiff cannot recover in tort for purely economic losses
caused by a defendant's negligence.").

[33]     Under New York law, the statute of limitations for fraud is the greater
of six years from the date of the fraud, or two years after plaintiff discovered the
fraud, or could with reasonable diligence have discovered it. *See* Civil Practice
Law and Rules § 213(8). "To recover damages for fraud under New York law, a
plaintiff must prove: (1) a misrepresentation or a material omission of fact which
was false and known to be false by defendant; (2) made for the purpose of inducing
the other party to rely upon it; (3) justifiable reliance of the other party on the
misrepresentation or material omission; and (4) injury." *Abu Dhabi Commercial
Bank v. Morgan Stanley & Co., Inc.*, 888 F. Supp. 2d 478, 484 (S.D.N.Y. 2012).
Donna Walsh has standing to bring the claim in her personal capacity, or can
assign her claim to plaintiffs. *See id.* ("New York law permits free assignability of
fraud claims.").

[34]     Pl. Opp. at 11.

against whom there are no timely or valid claims at this time.

## V.   CONCLUSION

For the foregoing reasons, S&S's motion to dismiss is GRANTED in full and without prejudice for the reasons discussed above.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         August 18, 2014

**-Appearances -**

**For Plaintiffs:**

William I. Strasser, Esq.
Gregory D. Emond, Esq.
Strasser & Associates, P.C.
7 East Ridgewood Avenue
Paramus, NJ 07652
(201) 445-9001
Fax: (201) 445-1188

**For William Goldberg Diamond Corporation:**

Howard Alan Wintner, Esq.
Katryna Dikansky, Esq.
The Abramson Law Group
12 East 41st Street 8th Floor
New York, NY 10017
(212) 686-4401

**For Stanley & Sons, Inc.:**

John A. Schepisi, Esq.
Gregory Michael Dexter, Esq.
Schepisi & McLaughlin, P.A.
473 Sylvan Avenue
Englewood Cliffs, NJ 07632